**UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**HARRISONBURG DIVISION**

| | | |
|---|---|---|
| **In re:** | ) | **Chapter 7** |
| | ) | |
| **ROBERT A. NEILSEN, and** | ) | **Case No. 10-50124** |
| **AMANDA BARKER** | ) | |
| | ) | |
| | ) | |
| **Debtors.** | ) | |

**DECISION AND O R D E R**

At Harrisonburg in said District this 3rd day of May, 2010:

A hearing was held to consider Mr. Robert M. Harris' Motion for Relief From Stay, filed

on January 29, 2010.  At the hearing and on the record the Court found that Mr. Harris' Motion for Relief

was actually a request for a determination of non-dischargeability of debt and a request for the return of

funds garnished from Ms. Barker.  The Court found that an adversary proceeding was required for a

determination of non-dischargeability and since the matter before the Court was a not an adversary

proceeding, the Court could not hear the issue.  The Court then took under advisement the issue of

whether the funds Mr. Harris received from garnishing the wages of Ms. Baker were properly remitted to

either the Trustee or the Debtor.  After considering the statements of the parties the Court makes the

following findings of fact and conclusions of law.

On October 23, 2009, Mr. Harris obtained a $4,450.00 judgment against the Debtors.  On

November 4, 2009, Mr. Harris  filed a garnishment summons against Amanda Barker.  The return date on

the garnishment summons was set for February 3, 2010.  The garnishee was her employer, United Health

Group.  As of the date the Debtors filed their bankruptcy petition, January 26, 2010, the garnishee had

transmitted $1,531.00 in garnished wages to the Roanoke City General District Court.  At the §341

meeting, held on March 2, 2010, the Creditor learned that the $1,531.00 had been remitted to the Trustee

and that the funds were no longer available for him to receive.

The two issues for decision in the case at bar are whether the Debtors are entitled to
exempt the $1,531.00 in garnished wages and if not, whether Mr. Harris is entitled to the return of those
funds.  For the following reasons the Court finds that the Debtors are not entitled to exempt the garnished
wages but, Mr. Harris is not entitled to the return of those wages because they became property of the
estate when the Debtors' petition was filed.

I.  Debtors' Exemption in the Garnished Wages

Wilson v. Virginia National Bank, 214 Va. 14, 15, 196 S.E.2d 920, 921 (1973) holds that
Va. Code §34-17 allows a debtor to file a homestead deed exempting garnished funds so long as the
homestead deed is filed before a court "court orders the payment of money by the garnishees to the
judgment creditor at a hearing of the garnishment proceedings."  This has been interpreted by subsequent
courts to mean that Va. Code §34-17 allows a debtor to file a homestead deed exempting garnished funds
so long as the homestead deed is filed before the return date. In re Smith, 45 B.R. 100 (Bankr. E.D. Va.
1984).  Upon the return date, however, any non-exempted funds are no longer the property of the debtor
and therefore, are subject to execution by the creditor. In re Partridge, 263 B.R. 755 (Bankr. E.D. Va.
2001) and Wilson, 214 Va. at 15, 196 S.E.2d 920.

Generally, courts are to interpret statutes creating debtor's exemptions liberally in favor
of the debtor. May v. Quy Van Nguyen, 211 F.3d 105 (4th Cir. 2000).  However, there are certain
statutes pertaining to exemptions which must be accorded strict interpretation. Homeowner's Fin. Corp.
V. Pennington, 47 B.R. 322 (Bankr. E.D. Va. 1985).   Among those statutes accorded strict interpretation
is Va. Code §34-17. Id. In re Ahmed, 411 B.R. 537 (Bankr. E.D. Va. 2009) strictly interpreted Va. Code
§34-17(A) to require that a debtor seeking to exempt real or personal property file a homestead with the
clerk of court for the appropriate county within five days of the holding of a §341 meeting.  The Court
now applies the same strict interpretation to Va. Code §34-17(B).  In the case at bar the debtors filed their
homestead deed claiming an exemption in the garnished funds prior to the commencement of the §341

2

meeting.  At the date of the claimed exemption, February 26, 2010, the automatic stay under 11 U.S.C.

§362 was in place due to the Debtors' filing of their petition for relief on January 26, 2010.  As a result of

the automatic stay the Roanoke General District Court did not enter an order of pay over of the garnished

funds on the return date, February 3, 2010.  Thus, at the time of filing the Debtors' Chapter 7, the

garnished funds became property of the estate under 11 U.S.C. §541.  Under Va. Code §34-17(A) the

Debtors could file a homestead deed claiming "an exemption in bankruptcy" of assets including garnished

wages until expiration of five (5) days after the §341 meeting.  However, the language of Va. Code §34-

17(B) addresses a non-bankruptcy claim of exemption in garnished wages and requires that the debtor file

a "claim of homestead exemption...after the garnishment summons is served on the employer but prior to

or upon the return date of the garnishment summons..."  Thus, according to Va. Code §34-17(B) there is a

window of opportunity "to protect garnished wages" by "a claim of homestead exemption."  After the

window closes the debtor loses the opportunity to protect the garnished wages.  In this case, the return

date terminating the debtors' ability to protect garnished wages occurred on February 3, 2010.  The

provision of Va. Code §34-17(B) trumps the provision of Va. Code §34-17(A) as to when an exemption

to protect garnished wages must be claimed.  Thus the court finds that where a debtor is seeking to

exempt garnished funds, the debtor must file a homestead deed claiming an exemption in those funds

prior to the return date on the garnishment summons.  A failure to timely file a homestead deed denies the

debtor the right to exempt the funds subject to the garnishment summons.  In this case, the Debtors filed

their Homestead Deed on February 26, 2010, twenty three days after the return date on the garnishment

summons.  Therefore, the Court finds that the Debtors failed to timely file their homestead deed with

regard to the garnished funds and thus, are not entitled to exempt the garnished wages.[1]

## II.  Is Mr. Harris entitled to the Return of the Garnished Wages?

---

[1]Had the Debtors claimed the exemption prior to or on February 3, 2010, the garnished wages would gave been protected under Va. Code §34-17(B) and properly homesteaded for bankruptcy well within the time required under Va. Code §34-17(A) because the §341 meeting did not take place until March 3, 2010.

In <u>Wilson</u> the Supreme Court of Virginia stated that the debtor loses a property interest in garnished wages when a court orders payment of the money by the garnishee to the judgment creditor. <u>Smith</u> applies the wording of Va. Code §34-17(B) as analyzed above and <u>Partridge</u> holds that upon the return date the debtor loses a property interest in garnished wages.  <u>Smith</u> and <u>Partridge</u> do not distinguish <u>Wilson</u>'s statement that an order of court divests the debtor of a property interest in the garnished wages. As between the debtor and the creditor, <u>Smith</u> and <u>Partridge</u> appear to be a proper application of the plain wording of Va. Code §34-17(B) and not inconsistent with <u>Wilson</u> because, typically, the return date arrives and a court order is entered on the return date ordering the garnishee to pay over.  Thus, at any time on the return date but prior to the entry of the pay over order a debtor could protect the garnished wages under Va. Code §34-17(B).  In this case, however, the Chapter 7 petition for relief was filed on January 26, 2010, prior to the return date for the garnishment summons, February 3, 2010.  The garnished wages became property of the estate under 11 U.S.C. §541(a)[2] and subject to administration by the Chapter Trustee under 11 U.S.C. §704(a). The garnished wages remain property of the estate unless the debtor properly exempts under 11 U.S.C. §522(b) or an order of abandonment is issued under 11 U.S.C. §554.  As set forth above, the Debtors lost their right under Virginia law to exempt the garnished wages on the return date, February 3, 2010.  There is no order of abandonment under 11 U.S.C. §554.  Thus, the Court finds that the $1,531.00 in garnished wages is subject to administration by the Chapter 7 Trustee and that Mr. Harris is not entitled to the return of the $1,531.00 unless abandonment by the Trustee is forthcoming.[3] Accordingly it is,

**ORDERED:**

---

[2]11 U.S.C. §541(a)(1) includes "all legal or equitable interest of the debtor in property as of the commencement of the case." (11 U.S.C. §541(a)(1) (West 2010))

[3]The Court notes that in the event that the Trustee abandons, in a manner consistent with 11 U.S.C. §554, the estate's interest in the garnished wages the wages are to be abandoned to Mr. Harris since the Debtors did not properly exempt any of the garnished wages and absent bankruptcy Mr. Harris had a right to pay over under Va. Code §34-17(B)

That the Motion for Relief of Robert M. Harris is hereby **DENIED**.

Copies of this order are directed to be sent to Counsel for the Debtor, James O. Clough,

Esquire; to the Chapter 7 Trustee, Charles R. Allen, Esquire; and to the Creditor, Robert M. Harris, P.O.

Box 19635, Roanoke, VA, 24019.

Ross W. Krumm

_____

Ross W. Krumm
U.S. Bankruptcy Judge